## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ROBERT P. DOUGLAS and** | : | |
| **CHRISTOPHER ROBINSON,** | : | **Civil Action Number:** |
| **Plaintiffs,** | : | |
| | : | |
| **vs.** | : | **Jury Trial Demanded** |
| | : | |
| **YEAH! BURGER WHITE PROVISION,** | : | |
| **LLC and DAN LATHAM,** | : | |
| **Defendants.** | : | |

### COMPLAINT

Plaintiffs Robert P. Douglas ("Mr. Douglas") and Christopher Robinson ("Mr. Robinson") (collectively "Plaintiffs"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, bring this Complaint against Defendants Yeah! Burger White Provision, LLC ("Yeah! Burger") and Thomas Dan Latham and ("Mr. Latham") and shows the Court as follows:

### INTRODUCTION

1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*., (hereinafter "the FLSA") to recover due but unpaid overtime compensation, additional like amounts as liquidated damages and their costs of litigation, including their reasonable attorneys' fees.

- 1 -

2.

In addition to their federal causes of action, Plaintiffs assert pendent state law claims which arise out of the same set of operating facts as their federal claims, i.e. breach of contract.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

This Court has supplemental jurisdiction over Plaintiffs' state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Yeah! Burger is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Mr. Douglas resides in Carroll County, Georgia.

7.

Yeah! Burger employed Mr. Douglas as a Kitchen Manager in and around Atlanta, Georgia from September 23, 2013 until July 8, 2014.

8.

At all times material hereto, Mr. Douglas was an "employee" of Yeah! Burger as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about September 23, 2013 until July 8, 2014, Mr. Douglas was "engaged in commerce" as an employee of Yeah! Burger as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

10.

At all times material hereto, Yeah! Burger was an "employer" of Mr. Douglas as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

At all times material hereto, Yeah! Burger did not employ Mr. Douglas in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

12.

At all times material hereto, Yeah! Burger did not employ Mr. Douglas in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

13.

At all times material hereto, Yeah! Burger did not employ Mr. Douglas in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

14.

At all times material hereto, Yeah! Burger did not employ Mr. Douglas in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

15.

At all times material hereto, Defendants classified Mr. Douglas as exempt from the maximum hours provision of the FLSA.

16.

At all times material hereto, Mr. Douglas was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

- 4 -

17.

At all times material hereto, Mr. Douglas' primary duty as Kitchen Manager was manual food preparation—not any duty that would render him exempt under the FLSA.

18.

Mr. Robinson resides in Carroll County, Georgia.

19.

Yeah! Burger employed Mr. Robinson as an Assistant Kitchen Manager in and around Atlanta, Georgia from October 16, 2013 until July 14, 2014.

20.

At all times material hereto, Mr. Robinson was an "employee" of Yeah! Burger as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

21.

From on or about October 16, 2013 until July 14, 2014, Mr. Robinson was "engaged in commerce" as an employee of Yeah! Burger as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

22.

At all times material hereto, Yeah! Burger was an "employer" of Mr. Robinson as defined in FLSA § 3(d), 29 U.S.C. §203(d).

23.

At all times material hereto, Yeah! Burger did not employ Mr. Robinson in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

24.

At all times material hereto, Yeah! Burger did not employ Mr. Robinson in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

25.

At all times material hereto, Yeah! Burger did not employ Mr. Robinson in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

26.

At all times material hereto, Yeah! Burger did not employ Mr. Robinson in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

27.

At all times material hereto, Defendants classified Mr. Robinson as exempt from the maximum hours provision of the FLSA

28.

At all times material hereto, Mr. Robinson was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

- 6 -

29.

At all times material hereto, Mr. Robinson's primary duty as Assistant Kitchen Manager was manual food preparation—not any duty that would be exempt under the FLSA.

30.

Yeah! Burger is a corporation organized under the laws of the State of Georgia.

31.

During the relevant time period, two or more employees of Yeah! Burger, including the Plaintiffs, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: packaged beverages, vegetables, condiments, meat, service items, cleaning items, kitchen tools, kitchen appliances, computers, cash registers, credit card machines, tables, chairs and kitchen items.

32.

At all times relevant, Yeah! Burger was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

33.

During 2013, Yeah! Burger had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

34.

During 2014, Yeah! Burger had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

35.

During 2013, Yeah! Burger had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

36.

During 2014, Yeah! Burger had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

37.

During 2013, Yeah! Burger had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

38.

During 2014, Yeah! Burger had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

39.

At all times material hereto, Yeah! Burger has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

40.

Yeah! Burger is subject to the personal jurisdiction of this Court.

41.

Yeah! Burger may be served with process through its registered agent Robert Joseph located at 3350 Riverwood Parkway, Suite 800, Atlanta, Georgia 30339.

42.

Mr. Latham resides within Fulton County, Georgia.

43.

At all times material hereto, Mr. Latham exercised operational control over the work activities of Plaintiffs.

44.

At all times material hereto, Mr. Latham was involved in the day to day operation of the restaurant in which Plaintiffs worked.

45.

At all times material hereto, Yeah! Burger vested Mr. Latham with supervisory authority over Plaintiffs.

46.

At all times material hereto, Mr. Latham exercised supervisory authority over Plaintiffs.

47.

At all times material hereto, Mr. Latham scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

48.

At all times material hereto, Mr. Latham exercised authority and supervision over Plaintiffs' compensation.

49.

At all times material hereto, Mr. Latham has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

50.

Mr. Latham is subject to the personal jurisdiction of this Court.

51.

Mr. Latham may be served with process at his residence located at 2174 Monterey Drive, NW, Atlanta, Georgia 30318.

## COUNT I — FAILURE TO PAY OVERTIME TO PLAINTIFF DOUGLAS

52.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

53.

At all times material hereto, Mr. Douglas was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

54.

During his employment with Defendants, Mr. Douglas regularly worked in excess of forty (40) hours each week.

55.

Defendants failed to pay Mr. Douglas at one and one half times his regular rate for work in excess of forty (40) hours in any week from September 23, 2013 through July 8, 2014.

56.

Defendants willfully failed to pay Mr. Douglas at one and one half times his regular rate for work in excess of forty (40) hours in any week from September 23, 2013 through July 8, 2014.

57.

Mr. Douglas is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

58.

As a result of the underpayment of overtime compensation as alleged above, Mr. Douglas is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

59.

As a result of the underpayment of overtime compensation as alleged above, Mr. Douglas is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT II – BREACH OF CONTRACT AS TO PLAINTIFF DOUGLAS**

60.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

61.

Mr. Douglas and Yeah! Burger were parties to a contract of employment (hereafter "the Contract") from on or about September 23, 2013 through July 8, 2014.

62.

The Contract provided that Yeah! Burger would pay Mr. Douglas for accrued vacation time earned by Mr. Douglas.

63.

Upon terminating Mr. Douglas' employment, Yeah! Burger has failed and refused to pay Mr. Douglas his accrued vacation pay.

64.

Defendants' failure to pay Mr. Douglas for accrued and owed vacation time constitutes a material breach of the Contract.

65.

As the direct and foreseeable result of this breach, Mr. Douglas has sustained and continues to sustain damages in an amount to be proved at trial.

**COUNT III — FAILURE TO PAY OVERTIME TO PLAINTIFF ROBINSON**

66.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

67.

At all times material hereto, Mr. Robinson was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

68.

During his employment with Defendants, Mr. Robinson regularly worked in excess of forty (40) hours each week.

69.

Defendants failed to pay Mr. Robinson at one and one half times his regular rate for work in excess of forty (40) hours in any week from October 16, 2013 through July 14, 2014.

70.

Defendants willfully failed to pay Mr. Robinson at one and one half times his regular rate for work in excess of forty (40) hours in any week from October 16, 2013 through July 14, 2014.

71.

Mr. Robinson is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

72.

As a result of the underpayment of overtime compensation as alleged above, Mr. Robinson is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

73.

As a result of the underpayment of overtime compensation as alleged above, Mr. Robinson is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**COUNT IV – BREACH OF CONTRACT AS TO PLAINTIFF ROBINSON**

74.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

75.

Mr. Robinson and Yeah! Burger were parties to a contract of employment (hereafter "the Contract") from on or about October 16, 2013 through July 14, 2014.

76.

The Contract provided that Yeah! Burger would pay Mr. Robinson for accrued vacation time earned by Mr. Robinson.

77.

Upon terminating Mr. Robinson's employment, Yeah! Burger has failed and refused to pay Mr. Robinson his accrued vacation pay.

78.

Defendants' failure to pay Mr. Robinson for accrued and owed vacation time constitutes a material breach of the Contract.

79.

As the direct and foreseeable result of this breach, Mr. Robinson has sustained and continues to sustain damages in an amount to be proved at trial.

WHEREFORE, Plaintiffs respectfully pray:

1.   That their claims be tried before a jury;

2.   That they be awarded amounts to be determined at trial against Defendants jointly and severally in unpaid overtime compensation due under the FLSA, plus additional like amounts in liquidated damages;

3.   That they have and recover judgment against Yeah! Burger for accrued but unpaid vacation time in amounts to be proved at trial;

4.   That they be awarded their costs of litigation, including their reasonable attorneys' fees from Defendants jointly and severally; and

5.   For such other and further relief as the Court deems just and proper.

Respectfully submitted,


DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/S/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER          /S/ KEVIN D. FITZPATRICK, JR.
101 MARIETTA STREET            KEVIN D. FITZPATRICK, JR.
ATLANTA, GEORGIA 30303         GA. BAR NO. 262375
(404) 979-3171
(404) 979-3170 (f)             COUNSEL FOR PLAINTIFFS
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com